(No. 32605.—

IN RE ROBERT E. HARMON, Attorney, Respondent.

*Opinion filed January 22, 1953.*

WILLIAM R. HARRIS, of Macomb, for the commissioners.

HUGH GREEN, of Jacksonville, and PAUL W. GORDON, of Springfield, for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After the decision of this court in *Gaffney v. Harmon,* 405 Ill. 273, disciplinary proceedings were instituted against the respondent, Robert E. Harmon, an attorney, who was the defendant in that case. Evidence was heard, and the Committee on Grievances of the Illinois State Bar Association recommended that the respondent be suspended from practice for six months. The matter was then heard by the Board of Governors on respondent's objections. The board has filed its report, as commissioners, recommending suspension for one year, and the matter is here upon respondent's exceptions.

The opinion in *Gaffney v. Harmon,* 405 Ill. 273, recites in detail the facts upon which this disciplinary proceeding is based. They may be summarized as follows: In 1937 Owen Gaffney was the owner of a life estate in eighty acres of land located in Morgan County and then worth $175 to $200 per acre. He was about fifty-four years old, had little education, and drank heavily. He became indebted; a judgment for $177.76 was obtained against him, and his life estate in the land was sold by the sheriff upon execution. After the twelve months' period of redemption had expired, but within the fifteen months' period, Gaffney

consulted respondent, who had been practicing law in the city of Jacksonville since 1930. Gaffney was indebted to respondent in some small amounts for previous legal services. It was agreed that Gaffney would execute a judgment note in favor of respondent for $100, representing his indebtedness to respondent for legal services; that respondent would place the note in judgment and redeem the land, and that, after he was reimbursed, he would reconvey the land to Gaffney. Gaffney executed the note, respondent secured judgment on it, redeemed the land at a total cost of $217.41 and, in October, 1938, obtained a deed to Gaffney's interest from the sheriff. Respondent rented the land and collected the rents. He testified that a little over a year after he had obtained the deed, at a time when he had received at least $240 in rents, he made out a quitclaim deed to Gaffney. Apparently the deed was never delivered, and at the time of the trial it could not be located.

Prior to the original execution sale from which the respondent redeemed, the land had been sold for taxes and a tax deed had been issued. In 1940, respondent purchased the interest of the tax buyer for $652.99 and received a deed from him. Respondent continued in possession and continued to collect and retain the rents until 1948, when Gaffney instituted his action to recover the real estate and for an accounting of the rents.

On these facts the circuit court found that respondent held the title to the land as a constructive trustee for Gaffney, by reason of the fiduciary relationship existing between them, and ordered respondent to convey the land to Gaffney and to make an accounting of rents and profits. This court affirmed that decree. Thereafter, respondent accounted for rents and profits from the land amounting to $16,584.96. Following the decision by the Appellate Court in *Gaffney* v. *Harmon,* 342 Ill. App. 714, denying his claim for compensation for services as constructive trustee, respondent paid over an additional $1480.94 to the conserva-

tor of the estate of Owen Gaffney. The total thus accounted for and paid by respondent was $18,065.90.

Respondent's defense is based upon the assumption that a finding that he was guilty of any wrong involving moral turpitude is now precluded because the decree in *Gaffney* v. *Harmon* was based upon constructive fraud, and did not contain a finding of actual or intentional fraud. The assumption is erroneous. Because the decree was based upon the abuse of a confidential relationship rather than upon actual fraud, it does not follow that the respondent was free of moral wrongdoing or that he was not guilty of unprofessional conduct. The constructive trust which was found to exist was based upon the abuse of a confidential relationship, and that relationship was that of attorney and client.

Respondent urges, however, that no improper motive has been proved and that he was justified in believing that his title was indefeasible after he had acquired the tax title and had been in possession paying taxes for seven years. But motive may be proved circumstantially, and the circumstances here negative the existence of a proper motive. Clearly, Harmon did not regard his relation to the land as terminated in March of 1938 when, as he testified, he prepared a quitclaim deed to Gaffney. For he continued to collect the rent from the farm, and by April 11, 1940, when he acquired the tax title, had collected a total of at least $1080. In 1940, the gross income from the farm collected by respondent amounted to an additional $639.60. In *Gaffney* v. *Harmon*, 405 Ill. 273, at page 279, we pointed out that "It does not appear that appellant [respondent] ever invested any money from any source not derived from rentals from this farm in making such tax redemption." And therefore we denied respondent's claim of title by reason of seven years' payment of taxes because "his color of title was not made in *good faith*" as required by the statute. There is nothing in the present record to cast

doubt upon that conclusion. The short of it is that respondent used his client's money to acquire a title which he then asserted against the client. At no time could the respondent have been justified in assuming that the relation of attorney and client had terminated so that he was free to claim the land against his client. We repeat again the observation of Justice Scholfield in a case in which an attorney acquired a title adverse to his client: "Such a practice would open a door to endless wrongs and villainies, and bring great and just reproach upon the profession." *Gibbons* v. *Hoag,* 95 Ill. 45, 70.

Respondent emphasizes the favorable testimony of character witnesses, but, of course, that testimony cannot outweigh evidence of positive misconduct. (*In re Goodman,* 377 Ill. 178.) We have considered carefully the adequacy of the discipline recommended in the light of the conduct involved. Because of the respondent's advanced age, however, we are not disposed to increase it. The report and recommendation of the commissioners are therefore confirmed. Respondent is suspended from the practice of law for a period of one year. *Respondent suspended.*